1 *[Counsel listed in signature block]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ILLUMINA, INC. and SEQUENOM, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ARIOSA DIAGNOSTICS, INC., ROCHE SEQUENCING SOLUTIONS, INC. and ROCHE MOLECULAR SYSTEMS, INC. <br><br> Defendants. | Case No. 3:18-cv-02847-SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:  August 17, 2018 <br> Time:  2:30 PM <br> Judge: Hon. Susan Y. Illston |

Pursuant to the Court's Standing Order for All Judges, the Civil Local Rules, and the Patent Local Rules, plaintiffs Illumina, Inc. and Sequenom, Inc. (collectively, "Plaintiffs") and defendants Roche Sequencing Solutions, Inc., Roche Molecular Systems, Inc. and Ariosa Diagnostics, Inc. (collectively, "Defendants") (collectively, Plaintiffs and Defendants may be referred to each individually as a "Party" or together as "Parties") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for **August 17, 2018 at 2:30 p.m.**, Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California.  Each Party certifies that its lead trial counsel have met and conferred for the preparation of this Statement as required by Civil Local Rule 16-3.  The Parties make the following representations and recommendations:

I.   **CASE MANAGEMENT ISSUES**

   A.   **Jurisdiction and Service:**

The Parties agree that this is an action arising under the patent laws of the United States, Title 35, United States Code.  The Parties further agree that this Court has jurisdiction over the claims and defenses of this action pursuant to 35 U.S.C. § 1 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  The Parties do not believe that any personal jurisdiction or venue issues exist at this time.  Defendants reserve the right to challenge standing.   No Parties remain to be served.

   B.   **Brief Description of Facts and Events Underlying the Action:**

Plaintiffs bring this action against Defendants, accusing Defendants' Harmony Prenatal Test of infringing U.S. Patent No. 9,580,751 (the "'751 Patent") entitled "Non-Invasive Detection of Fetal Genetic Traits" and U.S. Patent No. 9,738,931 (the "'931 Patent") entitled "Non-Invasive Detection of Fetal Genetic Traits."  Defendants' Harmony product is a prenatal test based on the use of cell free fetal DNA that tests for fetal genetic disorders.  Plaintiffs contend that Defendants' infringement has been willful and seeks all available remedies, including damages and a permanent injunction.

Defendants deny that the Harmony™ test infringes the '751 and the '931 Patents.  Defendants further contend that the '751 and the '931 Patents are invalid as claiming unpatentable subject matter, are anticipated and/or rendered obvious in light of the prior art, lack adequate

written description, are not enabled, and are indefinite.  Defendants further deny that they have willfully infringed the '751 and the '931 Patents.  Defendants seek declaratory judgments that they do not infringe the '751 and the '931 Patents and that the '751 and the '931 Patents are invalid or patent ineligible for at least the reasons stated above, that this Court dismiss Plaintiffs' Complaint with prejudice, and that this Court deny Plaintiffs' request for damages, enhanced damages and a permanent injunction.

### C. **Principal Factual and Legal Issues Disputed by the Parties:**

Based on the current pleadings, the principal factual and legal issues likely to be in dispute are:

a) The proper construction of disputed terms in the asserted claims of the '751 Patent and '931 Patent under *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996);

b) Whether Defendants have infringed any of the asserted claims of the '751 Patent or '931 Patent in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents;

c) Whether Defendants willfully infringed any of the asserted claims of the '751 Patent or '931 Patent under 35 U.S.C. § 284;

d) Whether the asserted claims of the '751 Patent and '931 Patent are invalid or ineligible under 35 U.S.C. § 101 *et seq.* (including but not limited to §§ 102, 103, and 112);

e) Whether Plaintiffs are entitled to a permanent injunction;

f) Whether Defendants are entitled to relief on their counterclaims for declaratory judgment; and

g) Whether this case is exceptional, and if so, whether or not any of the Parties are entitled to their costs and attorneys' fees under 35 U.S.C. § 285.

D.     **Motions:**

The Parties anticipate that summary judgment motions may be filed.

Defendants' Anticipated Early Motion for Summary Judgment on 35 U.S.C. §101

**Plaintiffs' Statement:** Below, Defendants state that they intend to file an early motion for summary judgment that the asserted claims of the '751 and '931 Patents are directed to patent ineligible subject matter under 35 U.S.C. § 101.  Plaintiffs oppose Defendants' request.

As an initial matter, Defendants could have filed a motion to dismiss under Rule 12(b)(6), but did not.  Defendants' anticipated motion should be rejected as nothing more than an attempt to file a *belated* motion to dismiss.  Below, Defendants state that they propose to file a summary judgment motion rather than a motion to dismiss so that their motion can be presented on a "complete factual record."  Yet, Defendants also propose to file their summary judgment motion in just three weeks-time on August 31st.  This plainly will not allow for development of a "complete factual record."  In this light, Defendants' request for an early summary judgment motion is vividly revealed to be nothing more than a request to file a belated motion to dismiss.  Because Defendants have filed answers in this case, they have waived their rights to file such a motion and their attempt at a second bite at the apple should be rejected.

In any event, an early motion under § 101 is inappropriate given the facts of this case. Specifically, Plaintiffs' Complaint identifies several inventive concepts embodied in the '751 and '931 Patents that render this case inappropriate for resolution on an early summary judgment motion.  These inventive concepts include at least the following:

- "By combining DNA extraction processes with techniques for size-discrimination and removal, the inventors created a technique that enabled researchers to enrich samples for fetal DNA, thereby improving the low signal-to-noise ratio that had plagued researchers studying cell-free DNA from pregnant human females."  Dkt. No. 1 (Complaint) at 3:27-4:2.

- "The inventive concept of applying the combination of extraction, size discrimination, and selective removal of particular DNA fragments to a cell-free sample of blood plasma or blood serum of a pregnant human female represented a significant improvement in the preparation of samples used for non-invasive prenatal testing that helped to unmask previously undetectable fetal genetic traits."  *Id.* at 4:2-6.

Given these pled inventive concepts, Defendants' proposed motion will require, at a minimum, fact

1  witness testimony, technical document discovery, expert witness testimony, and expert witness
2  discovery to address whether the claims of the '751 and '931 Patent are nonetheless ineligible for
3  patenting.  *See, e.g.*, *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128–29
4  (Fed. Cir. 2018) ("Whether the claim elements or the claimed combination are well-understood,
5  routine, conventional is a question of fact. And in this case, that question cannot be answered
6  adversely to the patentee based on the sources properly considered on a motion to dismiss….");
7  *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) (finding where there are outstanding
8  fact issues underlying the patent eligibility analysis, motions for dismissal of a pleading should be
9  denied).

10  Notably, just a few weeks ago, this Court considered—and rejected—a request to engage in
11  special early motion practice addressed to § 101.  In parallel litigation between Illumina and
12  Natera, defendant Natera requested a truncated proceeding focused solely on § 101.  This Court
13  concluded that "although the section 101 issue is legally separate from other invalidity issues, there
14  may be overlap in the facts and claim construction" and denied Natera's request for a special § 101
15  motion.  *See Illumina*, *Inc. v. Natera, Inc.*, Civ. A. No. 18-cv-01662-SI, Dkt. No. 53, at 3 (Order
16  Denying Motion to Stay).  As elucidated above, given the facts of this case, this Court should
17  similarly find here the benefit of a full and complete factual and expert record is necessary before
18  adjudicating a § 101 motion.

19  **Defendants' Statement:** Defendants intend to file an early motion for summary judgment
20  that the asserted claims of the '751 Patent and '931 Patent are directed to patent ineligible subject
21  matter under 35 U.S.C. § 101.  The general bases for this motion are as follows:

22  The "basis for the present invention" of the asserted '751 and '931 patents was the
23  purported discovery that "[c]irculatory extracellular fetal DNA in the maternal circulation has []
24  been found to be smaller in size (approximately 500 base pairs or less) than circulatory
25  extracellular maternal DNA (greater than approximately 500 base pairs)."  '751 patent, col. 1:54 –
26  2:6.  Thus, the inventors concluded, "circulatory DNA material which is smaller than
27  approximately 500 base pairs appears to be almost entirely fetal."  *Id*.
28  The asserted claims are directed to nothing more than an observation and analysis of natural

phenomenon. Representative claim 1 of the '751 patent states:

> A method for preparing a deoxyribonucleic acid (DNA) fraction from a pregnant human female useful for analyzing a genetic locus involved in a fetal chromosomal aberration, comprising:
>
> (a) extracting DNA from a substantially cell-free sample of blood plasma or blood serum of a pregnant human female to ***obtain extracellular circulatory fetal and maternal DNA fragments***;
>
> (b) producing a fraction of the DNA extracted in (a) by: (i) ***size discrimination*** of extracellular circulatory DNA fragments, and (ii) ***selectively removing the DNA fragments greater than approximately 500 base pairs***, wherein the DNA fraction after (b) comprises a plurality of genetic loci of the extracellular circulatory fetal and maternal DNA; and
>
> (c) ***analyzing*** a genetic locus in the fraction of DNA produced in (b).

The claims start and end with cell-free DNA, and they do not require any creation or alteration of that natural material. Accordingly, the claims are facially directed to patent-ineligible subject matter. And it cannot be disputed that the additional generic steps set forth in the claimed methods -- size discrimination and selective removal in order to extract the natural phenomenon of interest (circulatory DNA smaller than approximately 500 base pairs in length) for analysis -- were carried out by conventional, well-known procedures that cannot add an inventive concept to the claimed natural phenomenon. Accordingly, the claims are patent ineligible. *See, e.g.*, *Mayo v. Prometheus*, 566 U.S. 66, 78-80 (2012).

The facts of this case closely parallel the facts of *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369 (Fed. Cir. 2016) and *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371 (Fed. Cir. 2015), in which the Federal Circuit found the asserted claims directed to patent ineligible subject matter. In *Genetic Techs* and *Ariosa*, "the focus of the claimed advance over the prior art was allegedly newly discovered information about human biology." In *Ariosa*, the patent claims focused on the newly discovered information that "paternally inherited cffDNA is to be found in maternal blood (using established detection techniques)." In *Genetic Techs*, the patent focused on

the discovery of the "the linkage of coding and non-coding regions of DNA." In both *Genetic Techs* and *Ariosa*, the rejected method claims required that the newly discovered material be extracted by amplification (paternally inherited cffDNA in *Ariosa*, and linked non-coding regions in *Genetic Techs*) and then detected or analyzed. *See, e.g.*, *Ariosa*, 788 F.3d at 1373 ("In the amplification step, DNA is extracted from the serum or plasma samples and amplified."). Similarly, in this case, the newly discovered information about human biology was that cell-free DNA that is smaller in size (approximately 500 base pairs or less) is predominantly fetal DNA. The claims require nothing more than extracting smaller-sized cell-free DNA (by well-known size discrimination steps, rather than by amplification as in *Genetic Techs* and *Ariosa*) and then analyzing it.

Defendants framed their motion as a summary judgment motion – rather than as a motion to dismiss under Rule 12 – in order to present the section 101 issues to the Court on a complete factual record not limited to the pleadings. To the extent Illumina contends additional factual or expert evidence is required to hear the motion, that evidence can and should be developed during the pendency of defendants' contemplated summary judgment motion and presented to the Court in opposition to the proposed motion. However, none of the Illumina's purported evidence (if any) can raise an issue of material fact precluding summary judgment that the asserted claims are patent ineligible under section 101 – as explained above, the claims are undisputedly directed to natural phenomenon and recite no more than generic and conventional extraction and analysis steps of the kind repeatedly deemed patent ineligible by the Federal Circuit.

E. **Amendment of Pleadings:**

Plaintiffs do not currently anticipate amending their respective pleadings, but reserve the right to do so as permitted by the Federal Rules of Civil Procedure. The Parties agree that the last day to amend the pleadings to add new parties will be ninety (90) days after the Court's claim construction ruling.

F. **Evidence Preservation and Electronic Discovery:**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable

steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action, including implementing a document retention program as appropriate. The Parties anticipate submitting a separate stipulated ESI order for the Court's review that specifically delineates the procedures for electronic discovery.

### G. Initial Disclosures:

The Parties have made their respective initial disclosures as required by Fed. R. Civ. Proc. 26(a)(1) on August 10, 2018.

### H. Discovery:

#### 1. Generally

The Parties recently engaged in a patent litigation. They are discussing the extent to which materials from those proceedings can be used in this case. In addition, the Parties anticipate pursuing discovery by taking depositions and by serving document requests, interrogatories, and requests for admission. Discovery will be taken on issues relating to claim construction, infringement/noninfringement, eligibility/ineligibility, validity/invalidity,, alleged willfulness, damages, and the Parties' affirmative defenses.

#### 2. Discovery Schedule

No formal discovery has been taken to date in this case. The Parties' proposed case schedules appear below. The Parties have proposed a case schedule through the Claim Construction Hearing in keeping with their understanding that the Court prefers to set an initial case schedule through that milestone.

#### 3. Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

The Parties agreed to, and did, exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 on August 10, 2018.

    **4.**  **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Based on the current pleadings, the Parties believe that discovery is needed on the following topics:

  a) The accused products and alleged infringement/willful infringement of the '751 Patent and '931 Patent;

  b) The eligibility and/or validity of the claims of the '751 Patent and '931 Patent, including inventorship, conception, diligence, reduction to practice, the prosecution of the patents, and secondary indicia of obviousness;

  c) Prior art to the '751 Patent or '931 Patent;

  d) Construction of the claims of the '751 Patent and '931 Patent;

  e) The Parties' respective affirmative defenses and counterclaims;

  f) Ownership of the '751 Patent and '931 Patent;

  g) Injunction; and

  h) Damages.

    **5.**  **Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties propose adopting an ESI order consistent with the Northern District of California Model Stipulated Order Re: Discovery of Electronically Stored Info (Patent Cases). The Parties will meet and confer to discuss any modifications to this Order that may be appropriate in the circumstances of this case.

**6.    Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in the order.**

In light of the fact that disclosure of confidential and proprietary information may be necessary in this case, the Parties agree to meet and confer on a proposed Stipulated Protective Order to submit to the Court for approval.  The Parties agree that privileged communications and documents covered by work product protection and dated after the filing of this lawsuit need not be included in any privilege log absent a show of good cause.  All other limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the Parties approved by the Court.

At this time, the Parties do not anticipate any issues relating to claims of privilege or of protection of trial-preparation material.  The Parties agree to address any such issues in the event they arise.

**7.    Rule 26(f)(3)(E):  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

a)    <u>Interrogatories</u>

Each side shall be limited to thirty (30) interrogatories.

b)    <u>RFAs</u>

Each side shall be limited to fifty (50) requests for admission, excluding those directed solely to authenticating exhibits for trial.

c)    <u>Depositions</u>

Each side shall be limited to eighty-five (85) hours of deposition and no more than fifteen (15) total depositions.  No single deposition shall exceed seven (7) hours on the record.

Expert witness depositions will not count against the deposition time or number limits described above.  Expert witness depositions shall be limited to seven (7) hours; however, an expert witness may be deposed a second time when the witness serves a separate report on a

1  different topic (*e.g.*, a witness submitting a declaration in support of a claim construction brief may be deposed again if that witness later submits an expert report relating to a different topic, such as, for example, infringement, validity, etc.).  Similarly, if an expert submits a report on infringement and then the same expert submits a rebuttal report on validity, that witness may be subject to additional deposition time.  The Parties will meet and confer to determine an appropriate amount of additional time for deposition based on the scope of the expert's reports.

### d)     Admissibility of Prior Discovery From Related Litigations

**Plaintiffs' Statement:** Plaintiffs propose that for purposes of this litigation all prior discovery from the related litigations between the Parties should be usable in this case as though exchanged in this case:  Ariosa Diagnostics, Inc v. Sequenom, Inc., Civ. A. No. 11-cv-06391-SI (N.D. Cal.); Verinata Health, Inc. v. Ariosa Diagnostics Inc., Civ. A. No. 12-cv-5501-SI (N.D. Cal.); Illumina, Inc. v. Ariosa Diagnostics Inc., Civ. A. No. 14-cv-1921-SI (N.D. Cal.); and Illumina, Inc. v. Ariosa Diagnostics Inc., Civ. A. No. 15-cv-2216-SI (N.D. Cal.).

**Defendants' Statement:** Defendants are evaluating Plaintiffs' proposal and expect to reach a resolution of this issue in advance of the Case Management Conference.

### e)     Agreement to Serve by Email

The Parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and the responses thereto, on each other via e-mail to at least three (3) attorneys of record appearing for the receiving party (hardcopies to follow by mail, if requested).  The Parties further agree that service of a complete copy of these documents via e-mail shall count as service by hand.

**8.     Rule 26(f)(3)(F):  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Other than the aforementioned Stipulated Protective Order and ESI Order, at the present time, the Parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

**I.     Class Action:**

This case is not a class action.

**J.     Related Cases:**

The Court entered a Related Case Order relating this case with a series of previous and ongoing actions related to prenatal diagnostics.  *See* Dkt. No. 14.  Nevertheless, the Parties agree that for case management purposes there is nothing about this case that requires any coordination with the cases identified in the Court's Related Case Order, other than the discovery sharing issue addressed above.

**K.     Relief:**

Plaintiffs seek (1) a judgment that Defendants infringe the '751 Patent and '931 Patent; (2) an order permanently enjoining Defendants from further infringement of the '751 Patent and '931 Patent; (3) an award of damages pursuant to 35 U.S.C. § 284; (4) an order for an accounting of damages from Defendants' infringement; (5) an award of enhanced damages, up to and including trebling of the damages awarded to Plaintiffs; (6) an award to Plaintiffs of their costs and reasonable expenses to the fullest extent permitted by law; (7) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285; (8) an award of attorneys' fees and costs; and (9) an award of such other and further relief as the Court may deem just and proper.

Defendants seek (1) a declaratory judgment that they do not infringe the '751 Patent and '931 Patent, either literally or under the doctrine of equivalents; (2) a declaratory judgment that the '751 Patent and '931 Patent are invalid as claiming patent ineligible subject matter, are anticipated and/or rendered obvious over the prior art, lack adequate written description, are not enabled, and are indefinite; (3) an order dismissing Plaintiffs' Complaint with prejudice; (4) an order denying Plaintiffs' requests for damages, accounting, enhanced damages and a permanent injunction; (5) an award to Defendants of their costs and reasonable expenses to the fullest extent permitted by law; (6) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285; (7) an award of attorneys' fees and costs; and (8) an award of such other and further relief as the Court may deem just and proper.

**L.     Settlement and ADR:**

The Parties are in regular communication regarding the resolution of their patent disputes. The Parties have met and conferred in compliance with ADR L.R. 3-5.  The Parties do not believe

1  Court ordered ADR would be productive at this stage.

**M.     Consent to Magistrate Judge For All Purposes:**

The Parties do not consent to a magistrate judge.

**N.     Other References:**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.     Narrowing of Issues:**

The Parties will seek to narrow the disputed legal issues through the Patent Local Rule disclosure requirements, written discovery, depositions and motion practice, including Defendants' early motion for summary judgment that the asserted patents are directed to ineligible subject matter.

**P.     Expedited Schedule:**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures pursuant to General Order No. 64.

**Q.     Scheduling:**

The Parties each propose the following dates for scheduling in this case consistent with or based on slightly modified Patent Local Rules:

| Event/Local Rule | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Early summary judgment motion on Section 101 |  | August 31, 2018 |
| Disclosure of Asserted Claims and Infringement Contentions and accompanying document production by Patentee [Pat. L.R. 3-1 & 3-2] | August 31, 2018 | August 31, 2018 |
| Opposition to summary judgment on section 101 |  | September 28, 2018 |
| Reply in support of summary judgment on section 101 |  | October 19, 2018 |

| Event/Local Rule | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Invalidity Contentions and accompanying document production by accused infringer [Pat. L.R. 3-3 & 3-4] | October 15, 2018 | October 22, 2018 |
| Deadline to join parties. | October 22, 2018 | Ninety (90) days after the Court's claim construction ruling |
| Exchange of Proposed Terms and Claim Elements for Construction [Pat. L.R. 4-1] | October 29, 2018 | December 14, 2018 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence [Pat. L.R. 4-2] | November 19, 2018 | January 18, 2019 |
| Damages Contentions [Pat. L.R. 3-8] | December 4, 2018 | December 4, 2018 |
| Joint Claim Construction and Prehearing Statement [Pat. L.R. 4-3] | December 14, 2018 | February 15, 2019 |
| Responsive Damages Contentions [Pat. L.R. 3-9] | January 3, 2019 | January 17, 2019 |
| Completion of Claim Construction Discovery [Pat. L.R. 4-4] | January 14, 2019 | March 15, 2019 |
| Opening Claim Construction Brief [Pat. L.R. 4-5(a)] | January 28, 2019 | April 5 2019 |
| Responsive Claim Construction Brief [Pat. L.R. 4-5(b)] | February 11, 2019 | April 19, 2019 |

| Event/Local Rule | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Reply Claim Construction Brief<br><br>[Pat. L.R. 4-5(c)] | February 18, 2019 | April 26, 2019 |
| Claim Construction Hearing<br><br>[Pat. L.R. 4-6] | Early March 2019 | Late May 2019 |

**R.    Trial:**

The case will be tried to a jury.  Based on the Parties' current understanding of the issues, they believe that trial can be completed in ten (10) of the Court's standard trial days.

**S.    Disclosure of Non-Party Interested Entities or Persons:**

**Plaintiffs' Statement:** Plaintiffs filed their respective Civil L.R. 3-15 certifications on August 7, 2018 (Dkt. Nos. 38 & 39).  Illumina certified that it has no parent corporation and that there is no publicly held corporation owning 10% or more of its stock.  Sequenom certifies that its parent corporation is Laboratory Corporation of America® Holdings ("LabCorp").  LabCorp is a publicly held corporation that owns 10% or more of Sequenom's stock.

**Defendants' Statement:** Defendants filed their respective Civil L.R. 3-15 certifications on July 9, 2018 (Dkt. Nos. 19, 20 and 23).  Roche Molecular Systems, Inc. certified that it is a wholly-owned subsidiary of Roche Holdings, Inc. and an indirect subsidiary of Roche Holding Ltd. Novartis AG, a publicly-held company, owns more than 10% of the voting shares of Roche Holding Ltd.  Roche Sequencing Solutions, Inc. certified that it is a wholly-owned subsidiary of Roche Molecular Systems, Inc.   Ariosa Diagnostics, Inc. certified that it is a wholly-owned subsidiary of Roche Molecular Systems, Inc.

**T.    Other Matters:**

The Parties also have conferred regarding the following topics in accordance with Patent L.R. 2-1(a), this District's Standing Order for Case Management Conferences, and this Court's Standing Case Management Conference Order:

1.  **Proposed Modifications of Obligations and Deadlines in Local Patent Rules:**

See proposed schedule in Section Q above. The Parties propose that the Court conduct another case management conference after the claim construction hearing.

2.  **Format and Length of Claim Construction Hearing:**

Plaintiffs propose a tutorial either on a date in advance of a Markman hearing or on the day of the Markman hearing. Plaintiffs believe both the tutorial and Markman hearing can be completed in two (2) hours. The Parties do not anticipate the need to present live testimony at the tutorial or claim construction hearing. The Parties agree that expert witness discovery in connection with claim construction can be performed via depositions after any such declarations are is submitted with the parties' briefs.

3.  **Proposal for Educating the Court on the Technology at Issue:**

To educate the court on the technology at issue, the Parties propose holding a technology tutorial during either on a date in advance of a Markman hearing or on the day of the Markman hearing. The Parties anticipate that two (2) hours will be required for the tutorial, with time split evenly between the sides. The Parties do not anticipate needing to present live testimony during the claim construction hearing or tutorial to assist the Court's understanding.

| | | |
|---|---|---|
| 1 | DATED: August 10, 2018 | WEIL, GOTSHAL & MANGES LLP |
| 2 | | |
| 3 | | By:  /s/ Edward R. Reines              |
| | | Edward R. Reines |
| 4 | | |
| 5 | | EDWARD R. REINES (Bar No. 135960) |
| | | edward.reines@weil.com |
| 6 | | DEREK C. WALTER (Bar No. 246322) |
| 7 | | derek.walter@weil.com |
| | | WEIL, GOTSHAL & MANGES LLP |
| 8 | | 201 Redwood Shores Parkway |
| | | Redwood Shores, CA  94065 |
| 9 | | Telephone:  (650) 802-3000 |
| | | Facsimile:  (650) 802-3100 |
| 10 | | |
| 11 | | |
| | | Attorneys for Plaintiffs, |
| 12 | | ILLUMINA, INC. and SEQUENOM, INC. |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | DATED: August 10, 2018 | ARIOSA DIAGNOSTICS, INC. |
| 17 | | |
| 18 | | By:  /s/ Daralyn J. Durie              |
| | | Daralyn J. Durie |
| 19 | | |
| 20 | | DARALYN J. DURIE (SBN 169825) |
| 21 | | ddurie@durietangri.com |
| | | DAVID McGOWAN (SBN 154289) |
| 22 | | dmcgowan@durietangri.com |
| | | DURIE TANGRI LLP |
| 23 | | 217 Leidesdorff Street |
| | | San Francisco, CA 94111 |
| 24 | | Telephone: 415-362-6666 |
| | | Facsimile: 415-236-6300 |
| 25 | | |
| 26 | | Attorneys for Defendant, |
| | | ARIOSA DIAGNOSTICS, INC. |
| 27 | | |
| 28 | | |

| | |
|---|---|
| DATED: August 10, 2018 | ROCHE SEQUENCING SOLUTIONS, INC. AND ROCHE MOLECULAR SYSTEMS, INC. |

By:  */s/ Omar A. Khan*
     Omar A. Khan

ROBERT J. GUNTHER, JR. (SBN: 1967652)
robert.gunther@wilmerhale.com
CHRISTOPHER R. NOYES (*Pro Hac Vice*)
christopher.noyes@wilmerhale.com
OMAR A. KHAN (*Pro Hac Vice*)
omar.khan@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800
Facsimile: +1 212 230 8888

Attorneys for Defendants,
ARIOSA DIAGNOSTICS, INC., ROCHE SEQUENCING SOLUTIONS, INC. AND ROCHE MOLECULAR SYSTEMS, INC.

## CERTIFICATION

I, Edward R. Reines, am the ECF User whose identification and password are being used to file this Stipulation. In compliance with General Order 45.X.B, I hereby attest that Daralyn J. Durie and Omar A. Khan have concurred in this filing.